IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 16-cv-01919-MSK-KMT

**JEREMY ARFSTEN**, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

**CUTTERS WIRELINE SERVICE, INC.**
**MESA WIRELINE, LLC,**
**LONE WOLF WIRELINE, INC.,**
**WIRELINE SPECIALTIES, INC.,** d/b/a Cutters Wireline Group,

    Defendants.

---

### OPINION AND ORDER AUTHORIZING ISSUANCE OF A *HOFFMAN-LAROCHE* NOTICE

---

**THIS MATTER** comes before the Court pursuant to Mr. Arfsten's Motion for Approval of a *Hoffman-LaRoche* Notice (**# 32**), the Defendants' response (**# 33**), and Mr. Arfsten's reply (**# 34**).

Mr. Arfsten was employed by Defendant Cutters Wireline Services[1] as a wireline engineer on oil and gas drilling sites. Mr. Arfsten contends that he was not paid overtime compensation at the premium rates required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and by various state laws concerning overtime pay in Colorado and New Mexico. Mr. Arfsten also alleges that his employer breached the terms of its contract with him. Based on these representations, Mr. Arfsten seeks to bring both an FLSA collective action under

---

[1]     Mr. Arfsten contends that the remaining Defendants were joint employers with Defendant Cutters as it related to his employment, and presumably as to that of the collective/class he seeks to represent.

29 U.S.C. § 216(b) and a Rule 23 class action (presumably relating to the state wage payment laws; it is not clear whether Mr. Arfsten seeks to pursue his breach of contract claim on a classwide basis) on behalf of "all current or former non-exempt employees of Cutters" who did not receive proper overtime pay.

Mr. Arfsten moves **(# 32)** for the Court to approve the sending of a *Hoffman-LaRoche* notice to the members of the putative FLSA collective action, advising them of the pendency of the action and informing them of their right to opt into it.[2] Mr. Arfsten's motion, unlike his Complaint, appears to contemplate that the similarly-situated employees he wishes to notify are limited to his fellow "wireline engineers" working for any of the named Defendants.

The Defendants respond with two arguments, one simple and one complex. The simple argument, which the Court rejects, is that Mr. Arfsten has not alleged facts that suggest that all wireline engineers were subjected to the same pay policies regarding overtime. According to the Defendants' own interrogatory responses, the Defendants believed wireline engineers to be exempt from FLSA overtime requirements, and thus, "their salary does not change based on hours worked." This is sufficient to demonstrate, for notice purposes, that all wireline engineers were subject to the same compensation policies concerning the payment of overtime.

The Defendants' more complex argument is that wireline engineers should be found to be exempt from coverage under the FLSA, either categorically or on an individual-by-individual basis. Thus, the Defendants argue, it is inappropriate to solicit opt-in notices on a collective

---

[2]   For a variety of reasons that the Court need not delve into at this time, this Court has adopted a practice of bifurcating "hybrid" cases, such as this, that assert both FLSA collective actions and Rule 23 class actions invoking state wage claim laws. As a result of such bifurcation, the Court will adjudicate the FLSA claim, and only that claim, to its final resolution before proceeding with any aspect of the putative Rule 23 class action.
    The Court understands Mr. Arfsten to seek notification of co-workers only as to the putative FLSA collective action at this time. Thus, the Court need take no action with regard to the remaining claims for purposes of this motion.

basis when each opt-in plaintiff's factual situation will have to be examined separately. The Court also rejects this argument. The burden on the plaintiff to establish that issuance of a *Hoffman-LaRoche* notice is warranted is light; all that is necessary is that the plaintiff show "nothing more than substantial allegations that the putative [collective] members were together the victims of a single decision, policy, or plan." *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). Inquiry into "disparate factual and employment settings of the individual plaintiffs" or "the various defenses available to the defendant," either towards individual employees or categorically, are matters that are taken up at the conclusion of discovery. *Id.* at 1103. Thus, the question of whether Mr. Arfsten, or indeed any wireline engineer is exempt from the FLSA's requirements is a matter for another day and does not preclude the issuance of a *Hoffman-LaRoche* notice. Accordingly, the Court approves Mr. Arfsten's request to issue a *Hoffman-LaRoche* notice in this case to his fellow wireline engineers.

But that is not the end of this inquiry. The Defendants object to various specific statements in Mr. Arfsten's proposed notice, and the Court has additional concerns as to the contents of the proposed notice. Rather than attempt to re-write Mr. Arfsten's proposed notice, the Court attaches to this Order a form of notice and a consent form that it has previously approved that has been modified to identify this case, the plaintiff and his counsel. Mr. Arfsten shall supply this notice and consent form to the putative members of the collective action.

Accordingly, Mr. Arfsten's Motion **(# 32)** is **GRANTED**. Within 21 days of this Order, the Defendants shall supply Mr. Arfsten with a list of all Wireline Engineers that were employed by any of the named Defendants between July 27, 2013 and the present date, the employee's known dates of employment, and the employee's last-known mailing address. Within 21 days of receipt of that list, Mr. Arsfsten shall send the approved notice and consent form to each

identified employee. Employees shall have 60 days from that date of mailing to return the consent form to Mr. Arfsten, and Mr. Arfsten shall file all consent forms that he receives with the Court within 7 days of the expiration of that 60-day deadline.

Dated this 26th day of May, 2017.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge